**COMMON CAUSE et al., Appellants,**

v.

**INTERNAL REVENUE SERVICE et al.**

**No. 80–1097.**

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 13, 1980.

Decided March 9, 1981.

Ellen G. Block, Washington, D. C., with whom Kenneth J. Guido, Jr., and Donald J. Simon, Washington, D. C., on brief, for appellants.

Richard W. Perkins, Atty., Dept. of Justice, Washington, D. C., with whom M. Carr Ferguson, Asst. Atty. Gen., Charles F. C. Ruff, U. S. Atty., and Stephen Gray, Attorney, Dept. of Justice, Washington, D. C., on brief, for appellees. Ernest J. Brown, Atty., Dept. of Justice, Washington, D. C., also entered an appearance for appellees.

Before McGOWAN, Chief Judge, and GINSBURG, Circuit Judge, and GREEN, JOYCE HENS,* United States District Judge for the District of Columbia.

McGOWAN, Chief Judge:

Common Cause and two individual plaintiffs, David Cohen and Nan Waterman,[1] filed suit pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (Supp. III 1979), to compel the Internal Revenue Service (IRS or Service) to produce, among other things, certain correspondence, internal documents, and memoranda which related to the Service's decision not to implement procedures for public disclosure of contacts between high-ranking federal officials and the IRS regarding the tax matters of third parties.[2] The District Court ruled that some of the requested documents, 22 internal IRS memoranda and a draft of the proposed plan, were exempt from disclosure under Exemption 5 of the FOIA, 5 U.S.C. § 552(b)(5) (Supp. III 1979), as "predecisional, deliberative material." *Common Cause v. IRS*, Civ.No.78–2075 (D.D.C. Nov. 8, 1979) (memorandum, order, and judgment) (C.C. J.A. 113–116). The court further concluded, from its *in camera* inspection of the withheld documents, that disclosure of any arguably segregable material would be meaningless and thus the entire documents could be withheld. (Memorandum at 2;

---

\* Sitting by designation pursuant to 28 U.S.C. § 292(a).

1. We will hereinafter refer to the plaintiff-appellants collectively as "Common Cause."

2. Before Common Cause filed its FOIA complaint in the District Court, another individual, John Neufeld, filed a similar suit demanding access to all of the documents at issue in the instant action, as well as to certain correspondence from third parties to members of Congress which had been referred to the Service for disposition. *Neufeld v. IRS*, Civ.No.78–0525 (D.D.C., filed Mar. 24, 1978).

The decisions in *Neufeld* and *Common Cause* were handed down within a few months of one another, so appeals from both were pending before this court simultaneously: *Neufeld v. IRS*, No. 80–1131 (D.C. Cir.); *Common Cause v. IRS*, No. 80–1097 (D.C. Cir.). Because many of the same documents are at issue in both appeals, this court scheduled the cases for oral argument *seriatim*. Our opinions in *Neufeld* and *Common Cause* are issuing simultaneously, and each opinion includes occasional references to the other. In order to simplify cross-reference, we shall refer to the *Neufeld* Joint Appendix in both opinions as "N.J.A.," and to the *Common Cause* Joint Appendix as "C.C.J. A."

C.C.J.A. 114).[3] In its memorandum, the District Court, per Judge Oberdorfer, relied in part on Judge Smith's opinion in *Neufeld v. IRS*, Civ.No.78–0525 (D.D.C. Sept. 28, 1979) (N.J.A. 49–53), in which the court had held, among other things, that the 22 internal IRS documents were exempt from disclosure under Exemption 5.[4] The plaintiffs' appeals in *Common Cause* and *Neufeld* were scheduled for oral argument *seriatim. See* note 2 *supra.* Upon review of the decisions of the District Court in both *Neufeld* and *Common Cause* that Exemption 5 authorizes the withholding of the 22 internal IRS documents, we affirm.[5]

## I.

The Commissioner of Internal Revenue announced in May, 1976, that the Service would soon establish procedures to disclose the names of federal officials who had approached the IRS about the tax matters of third parties, as well as the subjects of such contacts. (C.C.J.A. 20). Staff members prepared a draft supplement to the IRS Manual detailing the disclosure plan, and several memoranda discussing the feasibility of the plan were circulated. The Service never implemented the disclosure plan and did not officially express a reason for its failure to do so.[6]

In early 1978, plaintiffs had requested access to several documents, including (1) the text of the IRS disclosure-plan proposal; (2) all documents relating to contacts with non-IRS personnel regarding the disclosure plan; (3) all written reasons for not implementing the plan; and (4) all written logs of congressional inquiries about the tax matters of third parties. The IRS failed to grant this request.

Plaintiffs were unsuccessful in their administrative appeal and filed this FOIA suit in November, 1978. During discovery, the parties identified three classes of documents which fell within plaintiff's FOIA request: (1) the text of the disclosure plan, which had never been publicly disseminated; (2) twenty-two internal memoranda[7] discussing the plan; and (3) logs of congressional contacts with the IRS.[8] The District Court ordered the IRS to disclose the logs, but held that the text of the plan and the 22 memoranda were properly withheld under Exemption 5.

3. The District Court noted that "[p]rinciples of collateral estoppel and proper administration of this 15 judge Court" precluded it from reaching a result contrary to that reached by Judge Smith in *Neufeld*, which dealt with the same 22 memoranda. (Memorandum at 1; C.C.J.A. 113). But the court went on explicitly to agree with the *Neufeld* ruling that "most" of the documents were properly withheld under Exemption 5 and that no reasonably segregable material existed such that edited documents must be disclosed. (Memorandum at 2; C.C. J.A. 114). Thus, we treat the holdings with respect to Exemption 5 in both *Neufeld* and *Common Cause* as identical for purposes of this opinion.

4. The IRS originally identified 23 internal memoranda withheld pursuant to FOIA's Exemption 5. *See* Defendant's Memorandum In Response to Plaintiffs' Motion to Require Detailed Justification, Itemization, and Indexing [hereinafter referred to as "*Vaughn* index"]. (C.C.J.A. 38–43; N.J.A. 17–24). During discovery, a third party disclosed one of the memoranda without the permission of the IRS. *See* Memorandum from Marvin Katz to James J. Keightley, November 23, 1977 (*Vaughn* Index No. 23; N.J.A. 43–45). Thus, the present dispute involves only 22 documents rather than the original 23.

5. We affirm *Neufeld* only with respect to the Exemption 5 claim. For discussion of the other issues in the *Neufeld* case, see *Neufeld v. IRS, supra.*

6. The IRS did disclose a memorandum prepared after the Service had decided not to implement the disclosure plan. (C.C.J.A. 33–35). In that memorandum, an IRS official recorded for an internal file the contents of a telephonic conversation between himself and a congressional staff member. The staff member had apparently called to inquire about the Service's failure to implement the proposed plan. The IRS official discussed several factors, all of which contributed to the decision not to implement such a plan. He stressed, however, that opinions differed within the agency regarding the reasons for rejecting the plan and did not point to any one reason as overriding.

7. *See* note 4 *supra.*

8. Apparently in response to this litigation, the IRS has instituted logging procedures to maintain orderly records of incoming correspondence from federal officials outside the Service.

Relying in part on Judge Smith's memorandum opinion in *Neufeld*, Judge Oberdorfer noted that although plaintiffs had presented "serious arguments" regarding the inapplicability of the attorney-client privilege to the memoranda, most of those documents fell within the deliberative privilege for internal governmental decision-making. (Memorandum at 2; C.C.J.A. 114).

The IRS appealed the judgment and Common Cause cross-appealed. By stipulation, the IRS dismissed its appeal. Thus, the only issue presented on appeal is that of whether the District Court correctly ruled that the IRS could withhold the 22 internal memoranda, including the draft of the disclosure plan, under Exemption 5.

## II.

■ Documents which a private party could not obtain from an agency in civil discovery are exempt from disclosure under Exemption 5:

> (b) this section does not apply to matters that are
>
> .    .    .    .    .
>
> (5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency.

5 U.S.C. § 552(b)(5) (Supp. III 1979). This exemption is necessary to preserve the efficacy of the decision-making process and to encourage the free exchange of ideas within the agency without the threat of public scrutiny. *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150, 95 S.Ct. 1504, 1516, 44 L.Ed.2d 29 (1975); *Coastal States Gas Corp. v. DOE*, 617 F.2d 854, 866–69 (D.C. Cir. 1980); *Bristol-Myers Co. v. FTC*, 598 F.2d 18, 23–24 (D.C. Cir. 1978). Common Cause argues that because the IRS decided not to adopt the disclosure plan all 22 memoranda, particularly those urging that the Service *not* implement the plan, constitute the reasons which supply the basis for the agency policy actually adopted (*i. e.*, the rejection of the proposed plan). Such documents, under some circumstances, fall outside the protection of Exemption 5. *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. at 152–53, 95 S.Ct. at 1517–1518.

We disagree with appellants' interpretation. The *proposed* disclosure plan remained just that. Its rejection did not, therefore, constitute the making of law or policy by an agency. The exchange of ideas and proposals which took place within the Service with respect to the proposed plan is precisely the type of communication which Congress meant to protect in enacting Exemption 5. *See, e. g.*, S.Rep.No.813, 89th Cong., 2d Sess. 9 (1966). Moreover, as the Court noted in *Sears*, "[t]he public is only marginally concerned with reasons supporting a policy which an agency has rejected." 421 U.S. at 152, 95 S.Ct. at 1517.

Common Cause also contends that another aspect of the holding in *Sears* compels disclosure of the 22 memoranda because they contain written reasons for the agency's final decision not to implement the proposed plan. In *Sears*, the Court held that certain internal NLRB documents relating to a final decision not to file a complaint in a labor matter could not be withheld pursuant to Exemption 5. In part because the internal NLRB memoranda were adjudicatory in nature and constituted final dispositions of pending disputes, such documents qualified as "opinions" and thus had to be disclosed under 5 U.S.C. § 552(a)(2)(A)(Supp. III 1979). 421 U.S. at 158–9, 95 S.Ct. at 1520–1521. Moreover, the Court held that "if an agency chooses *expressly* to adopt or incorporate by reference an intra-agency memorandum previously covered by Exemption 5 in what would otherwise be a final opinion," that memorandum must be disclosed unless covered by another exemption. 421 U.S. at 161, 95 S.Ct. at 1521 (emphasis original).

This case differs from *Sears* in many important respects. The present case involves the voluntary suggestion, evaluation, and rejection of a proposed policy by an agency, not the agency's final, unappealable decision not to pursue a judicial remedy in an adversarial dispute, as was present in *Sears*. No statute demands that the IRS voluntarily disclose information about

third-party contacts; indeed, at least one statutory provision indicates that such a practice, in some forms, might be contrary to law. *See* 26 U.S.C. § 6103(b)(2)(Supp. II 1978); *Neufeld v. IRS, supra.*

Moreover, the IRS never created a document which qualifies as a "final opinion" as described in *Sears.* Common Cause argues that a December 23, 1977 memorandum recounting a telephonic discussion of the failure to implement the plan between an IRS official and a congressional staff member constitutes the Service's "final decision". *See* note 6 *supra.* But that document, which the IRS disclosed, was clearly not intended to be a statement of official agency policy, even though it recites some of the Service's reasons for rejecting the proposed plan. We reject as well the further suggestion that all 22 memoranda must be disclosed because the December 23, 1977 memorandum refers to reasons discussed in those documents. Such casual allusion in a post-decisional document to subject matter discussed in some pre-decisional, intra-agency memoranda is not the express adoption or incorporation by reference which, as the Court in *Sears* stated, would remove the protection of Exemption 5 if the memorandum were the agency's "final opinion." *See* 421 U.S. at 161, 95 S.Ct. at 1521.

The position urged by Common Cause, if pushed to its logical limits, could virtually eliminate the governmental privilege. Every rejection of a proposal, no matter how infeasible or insignificant, would become a "final decision" of an agency. True, the rejection of a policy does embody a decision; but neither the language of Exemption 5 nor the holding in *Sears* demands that such a narrow interpretation of the governmental privilege be adopted in order to protect the public interest in disclosure.

### III.

Common Cause further argues that the decision of this court in *Bristol-Myers Co. v. FTC, supra,* compels disclosure of the memoranda. In that case, this court, interpreting *Sears,* stated that

action taken by the responsible decisionmaker in an agency's decision-making process which has the practical effect of disposing of a matter before the agency is 'final' for purposes of FOIA. If such action is accompanied by a written explanation of the decisionmaker's reasoning, that explanation constitutes a 'final opinion' and must be disclosed.

*Bristol-Myers Co. v. FTC,* 598 F.2d at 25.

The District Court in both *Neufeld* and *Common Cause* found, after *in camera* inspection, that none of the memoranda constituted the Service's "final opinion." We find no reason to upset that determination. Common Cause's attempt to characterize as a "final opinion" the December 23, 1977 memorandum must fail as well. Neither party suggested that that particular agency official was "the responsible decisionmaker" with respect to the disclosure plan. The reasons enumerated in that memorandum may or may not embody the Service's reasons for rejecting the plan. It is more likely, however, that the responsible officials dismissed the plan as infeasible for many reasons, some of them embodied in the 22 memoranda and the December 27, 1977 memorandum, and some not. We hold that the internal intra-agency memoranda which may or may not have led to that agency's informal rejection of a proposed policy fall within the governmental privilege and may be withheld under Exemption 5.

The District Court in both *Neufeld* and *Common Cause* also held that, to a large extent, the 22 memoranda were exempt from disclosure because they fell within the attorney-client privilege. Because all the documents appear to be predecisional, deliberative material, we find it unnecessary to reach that issue.

For the foregoing reasons, the decision of the District Court is affirmed.

*It is so ordered.*