John L. NEUFELD, Appellant,

v.

INTERNAL REVENUE SERVICE.

No. 80–1131.

United States Court of Appeals,
District of Columbia Circuit.

Argued Nov. 13, 1980.
Decided March 9, 1981.

David C. Vladeck, Washington, D. C., with whom Katherine A. Meyer, and Alan B. Morrison, Washington, D. C., on brief, for appellant.

Richard W. Perkins, Atty., Dept. of Justice, Washington, D. C., with whom M. Carr Ferguson, Asst. Atty. Gen., Charles F. C. Ruff, U. S. Atty., Michael L. Paup, and Stephen Gray, Attys., Dept. of Justice, Washington, D. C., were on brief, for appellee. Ernest J. Brown, Atty., Dept. of Justice, Washington, D. C., also entered an appearance for appellee.

Before McGOWAN, Chief Judge, and GINSBURG, Circuit Judge, and GREEN,

JOYCE HENS,* United States District Judge for the District of Columbia.

McGOWAN, Chief Judge:

Plaintiff-appellant, an assistant professor of Economics at the University of North Carolina—Greensboro, sought access through this suit under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 (Supp. III 1979), to certain memoranda, logs, forms, and correspondence which related to contacts between high-ranking federal officials and the Internal Revenue Service (IRS or Service) regarding the tax matters of third parties.[1] The District Court, per Judge John L. Smith, Jr., held that the IRS must disclose all logs, routing slips, and correspondence regarding contacts between some federal officials (particularly members of Congress) and the Service, but that actual third-party correspondence to those federal officials is exempt from disclosure under Exemption 3 of the FOIA, 5 U.S.C. § 552(b)(3) (Supp. III 1979). Judge Smith also held that 22 internal memoranda discussing a proposed IRS plan publicly to disclose such contacts could be withheld pursuant to Exemption 5 of the FOIA, 5 U.S.C. § 552(b)(5) (Supp. III 1979).

With respect to the 22 internal memoranda, we affirm the District Court's determination that Exemption 5 permits nondisclosure for the reasons stated in *Common Cause v. IRS,* 646 F.2d 656 No. 80–1097 (D.C.Cir.), issued this day. With respect to the taxpayer letters, however, we found some ambiguity in the District Court's interpretation of the proper definition of "return information" under 26 U.S.C. § 6103(b)(2) (Supp. II 1978). Thus, we remand the case to the District Court for

reconsideration of the taxpayer letters in the light of the construction of the statute which we believe to be correct.

## I.

In May, 1976, then-Commissioner of Internal Revenue Donald Alexander announced that the Service planned to institute procedures publicly to disclose details about contacts between high-ranking federal officials and the IRS. Sometime before December, 1977, the IRS decided not to adopt such procedures. A press account quoted an IRS spokesman as citing an Internal Revenue Code provision[2] requiring that tax returns and return information be kept confidential as one of the Service's major reasons for abandoning the plan.[3]

The plaintiff, John Neufeld, sought access to IRS records concerning congressional contacts with the IRS regarding third-party tax matters, and to documents discussing the proposed disclosure plan. By letter dated December 22, 1977, plaintiff requested these documents from the IRS, specifically disclaiming any interest in information that would directly or indirectly identify individual taxpayers. (N.J.A. 4–5).

When the IRS refused to disclose many of the requested documents, plaintiff instituted this lawsuit to compel disclosure under the FOIA. Plaintiff also filed a motion to require the IRS to prepare an index of the withheld documents, justifying denial of access as required by *Vaughn v. Rosen,* 484 F.2d 820, 826–28 (D.C.Cir.1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974).

The IRS responded, describing 23 internal memoranda written in connection with the proposed disclosure plan.[4] The Service claimed that the documents were withheld

---

\* Sitting by designation pursuant to 28 U.S.C. § 292(a).

1. Many of the same documents are at issue in *Common Cause v. IRS,* 646 F.2d 656 No. 80–1097 (D.C.Cir.), issued this day. Cross-references to the Joint Appendices in these two cases are explained in *Common Cause v. IRS, supra,* at n.2.

2. 26 U.S.C. § 6103(b)(2) (Supp. II 1978).

3. *The Washington Post,* December 22, 1977, p. A–31 (N.J.A. 31).

4. Hereinafter referred to as "*Vaughn* Index," (C.C.J.A. 38–43; N.J.A. 17–24). *See Common Cause v. IRS, supra,* at n.3.

under Exemption 5 because all fell within the governmental privilege which protects predecisional deliberations within an agency. The IRS further stated that all the documents but two [5] were protected by the attorney-client privilege.[6]

The plaintiff also asked for access to correspondence relating to contacts between members of Congress and the Service regarding the pending tax matters of third parties. After some negotiations, the parties agreed to limit the scope of this request to IRS records of contacts initiated by members of Congress and certain actual correspondence. These records consisted of three types of documents: (a) sets of correspondence, generally including a taxpayer's letter to his representative, a routing slip or cover letter from the representative directing the constituent's letter to the IRS, and a copy of the IRS's response to the taxpayer; [7] (b) "Third Party Correspondence Review Information" forms, developed by the IRS after this litigation began, which assign a case number to each inquiry, describe the correspondence, and indicate whether the correspondence has been edited (N.J.A. 33); (c) "Correspondence Control" forms, which list the dates of all correspondence, and provide a short description of the underlying matter. (N.J.A. 34).[8]

By stipulation, counsel for plaintiff and the Service further limited the documents at issue to (1) the internal memoranda; (2) the correspondence control forms maintained by the National Office of the IRS pertaining to correspondence received from members of Congress between February 1, 1978, and June 1, 1979; and (3) the 23 packages of correspondence submitted for *in camera* review with the names and addresses of the taxpayers deleted.

The parties filed cross-motions for summary judgment. Judge Smith granted plaintiff's motion in part, holding that all letters or routing slips from members of Congress to the IRS, all of the IRS's responses, and all correspondence control cards must be disclosed. *Neufeld v. IRS*, Civ. No. 78–0525 (D.D.C. Sept. 28, 1979) (Opinion) (N.J.A. 49). The court ordered the IRS to delete all "return information" from these documents, as defined in 26 U.S.C. § 6103(b)(2) (Supp. II 1978), to protect the taxpayers' privacy. But the court denied plaintiff access to the letters written by taxpayers to members of Congress, finding that "return information" was "regularly dispersed" throughout such correspondence. Because the deletion of such exempt information would leave only "essentially meaningless words and phrases," the court also ruled that the letters were exempt in their entirety under Exemption 3.

The IRS appealed and Neufeld cross-appealed. By joint stipulation, the IRS dismissed its appeal. Thus, the scope of this appeal is limited to review of the District Court's treatment of 22 internal memoranda [9] and of the 23 sets of taxpayer correspondence to members of Congress regarding third-party tax matters.

## II.

For the reasons stated in our opinion in *Common Cause*, issued this day, we affirm the District Court's ruling that all 22 memoranda are exempt from disclosure under Exemption 5. *See Common Cause v. IRS, supra.*

The District Court's treatment of the taxpayer letters presents two further issues for our consideration: (1) whether the court

---

**5.** *Vaughn* Index Nos. 19 & 22 (N.J.A. 23, 24).

**6.** During the course of the litigation, one of the withheld memoranda was disclosed without the IRS's authorization. (*Vaughn* Index No. 23, N.J.A. 43–45). Thus, plaintiff now seeks disclosure of the 22 remaining memoranda. *See Common Cause v. IRS, supra,* at n.4.

**7.** For purposes of this litigation, the IRS and the plaintiff agreed on a sample of 23 sets of

correspondence which were submitted to the District Court for *in camera* review.

**8.** No *Vaughn* index was filed with respect to the correspondence and control forms, but plaintiff's counsel was allowed to review the documents under a protective order. (N.J.A. 26).

**9.** *See* note 6 *supra.*

**664**

used the proper definition of "return information" in determining that the letters contained exempt information; and (2) whether the exempt information was so inextricably intertwined with non-exempt information as to warrant withholding the documents in their entirety. Because we are not sure what definition of "return information" was actually employed, we shall discuss the proper reading of the statute and remand for reconsideration in light thereof. Remand obviates a decision on the second issue at this time.

The District Court defined its task with respect to the taxpayer letters as determining "whether the burden of separating non-exempt information justifies non-disclosure of the entire correspondence or whether the disclosure of segregated non-exempt material would indirectly reveal exempt information." (Opinion at 3; N.J.A. 51). After *in camera* inspection of the correspondence, the court found that

> because return information is regularly dispersed throughout the taxpayers' letters . . . the burden of separation, both in time and cost measured against the essentially meaningless words and phrases which would remain, as well as the significant risk that the remaining information might indirectly reveal a taxpayer's identity, justifies non-disclosure of the taxpayers' letters and accompanying documents.

Opinion at 3; N.J.A. 51.

In determining what information in the letters was exempt, the District Court referred to Exemption 3 of the FOIA, which authorizes the non-disclosure of items "specifically exempted from disclosure by statute. . ., provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3) (Supp. III 1979). Section 6103 of the Internal Revenue Code provides that return information shall be confidential:

> (2) *Return Information.* The term "return information" means—

(A) a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense, and

(B) any part of any written determination or any background file document relating to such written determination (as such terms are defined in section 6110(b)) which is not open to public inspection under section 6110,

but such term does not include data in a form which cannot be associated with, or otherwise identify, directly or indirectly, a particular taxpayer.

On appeal, Neufeld argues that the District Court wrongly construed § 6103 in deciding what constituted return information. While conceding that return information, as properly defined, is exempt from disclosure, Neufeld contends that the list of types of information in § 6103, subsections (b)(2)(A) and (B), is substantially modified and limited by what the parties call the "Haskell amendment," which provides that return information does not include data which "cannot be associated with, or otherwise identify, directly or indirectly, a particular taxpayer." 26 U.S.C. § 6103(b)(2) (Supp. II 1978). Thus, Neufeld argues that any information that does not directly or indirectly identify a particular taxpayer— even if it is a type of information listed in subsections (b)(2)(A) and (B)—is not confidential return information within the meaning of § 6103.

Neufeld urges this Court to adopt the holding of *Long v. IRS*, 596 F.2d 362 (9th Cir. 1979), *cert. denied*, 446 U.S. 917, 100 S.Ct. 1851, 64 L.Ed.2d 271 (1980). In *Long*, the Ninth Circuit held that the definition of return information, for purposes of determining the scope of Exemption 3 of the FOIA, is controlled by the explicit language of the Haskell amendment. 596 F.2d at 368. Thus, by its own terms, the statute makes it clear that data that do not identify a particular taxpayer are not return information and are thus subject to disclosure under the FOIA.

The IRS vigorously argues that the proper statutory definition of return information is not at issue in this case. The Service notes that the District Court quoted the Haskell amendment in connection with its holding, which the IRS did not appeal, that the letters from members of Congress to the IRS and the correspondence control forms must be disclosed after the deletion of all information identifying a particular taxpayer. Thus, the IRS contends, the District Court must have applied the reading of § 6103 upheld in *Long* to *all* the documents, including the taxpayer letters. While the IRS wishes to reserve the question of the proper statutory definition of return information for another day, it appears to concede, for this case only, that the District Court did not err if in fact it employed the definition of return information articulated in *Long*.[10]

We find the District Court's opinion somewhat ambiguous with respect to the definition of return information used in examining the segregability of exempt information contained in the taxpayer letters. The court does quote the Haskell amendment in connection with the other correspondence and the IRS control forms, but we do not find that quotation inconsistent with a possibility improper application of the statute to the taxpayer letters. It is likely that the only data in the other correspondence and forms identifiable to a tax-

payer were the names and addresses of individuals writing the letters to members of Congress. Because Neufeld specifically requested that the names and addresses of the taxpayer be deleted and because the other documents appear unlikely to contain any of the other types of information listed in § 6103(b)(2)(A) or (B), the court's quotation of the Haskell amendment in this context does not answer the question of what definition of return information the court applied to these documents inherently more likely to identify individuals (that is to say, the letters written by taxpayers themselves).

■ In light of this ambiguity, the proper definition of return information under § 6103 is integral to this appeal's disposition, despite the Service's arguments to the contrary. Thus, we hold, in accordance with the Ninth Circuit's holding in *Long*, that return information, properly defined, includes only information that directly or indirectly identifies a particular taxpayer, as the Haskell amendment indicates. It is conceivable that a taxpayer letter might contain some items of information listed in § 6103(b)(2)(A), for example, the "amount of his income," such that the disclosure of the letter would pose no risk of identifying the taxpayer *if his name and address were deleted*. We do not hold, however, that mere deletion of names and addresses removes all return information from the taxpayer letters. The District Court has discretion to determine what information, other than name and address, poses a risk of identifying a taxpayer and how great that risk is. Thus, we remand for consideration of the taxpayer letters in the light of the proper definition of return information.

## III.

■ As for the determination to allow the withholding of the taxpayer letters in their entirety, the District Court correctly noted that entire documents may not be

---

10. One district court has accepted the IRS's argument, not advanced by the government in this case, that the Haskell amendment applies only to statistical studies and not to records or materials related to individual taxpayers. *Cliff v. IRS*, 496 F.Supp. 568, 571–74 (S.D.N.Y.1980), *motion for rehearing pending* No. 80 Civ. 1574 RLC.

withheld merely because they contain some exempt information, citing *Mead Data Central, Inc. v. U. S. Dept. of Air Force*, 566 F.2d 242, 261 (D.C.Cir.1977). Only if exempt and nonexempt information are "inextricably intertwined," such that the excision of exempt information would impose significant costs on the agency and produce an edited document with little informational value, may the court allow an entire document to be withheld pursuant to a FOIA exemption. 566 F.2d at 261. Because of our decision to remand, we need not reach this issue.

Neufeld also argued that because the correspondence concerning broad questions of general tax policy poses no danger of identifying a taxpayer, these letters should be released in their entirety. For purposes of defining properly return information under § 6103, we discern no difference between "tax policy" letters and other letters, the test being in each case whether particular information tends to identify the taxpayer. We question whether a general letter of inquiry about tax policy, written to a federal official, would contain *any* properly defined return information other than a taxpayer's identity. Because the District Court did not differentiate between "tax policy" letters and other correspondence, the court on remand should consider whether entire letters, containing general inquiries about tax policy which pose no serious risk of identifying a taxpayer, are properly exempt in their entirety from disclosure under § 6103 and Exemption 3.

We remand the case to the District Court for reconsideration of the taxpayer letters in the light of this opinion.

*It is so ordered.*