**Bertram D. WOLFE et al., Appellants,**

**v.**

**Robert F. FROEHLKE, Secretary of the United States Army.**

**No. 73–1913.**

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 23, 1974.

Decided Oct. 23, 1974.

John H. F. Shattuck, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Melvin L. Wulf, New York City, and Hope Eastman,

---

Washington, D. C., were on the brief, for appellants.

William Kanter, Atty. Dept. of Justice, with whom Irving Jaffe, Acting Asst. Atty. Gen., and Earl J. Silbert, U. S. Atty., were on the brief for appellee. Leonard Schaitman, Atty., Dept. of Justice and Michael Katz, Asst. U. S. Atty., also entered appearances for appellee.

Before LEVENTHAL and ROBB, Circuit Judges, and Davis,* Judge, United States Court of Claims.

PER CURIAM:

This is an action under the Freedom of Information Act, 5 U.S.C. § 552, to obtain disclosure of the "Operation Keelhaul" file, generated in the 1940's by Allied Force Headquarters (AFHQ) and now in the possession of the Department of Defense. The file concerns the forced repatriation of Russian citizens after World War II, and its disclosure is sought by three scholars who are presently conducting research on that subject. One of them, Julius Epstein, was unsuccessful in an earlier action to obtain disclosure of the file.

 The matters at issue have been thoroughly canvassed by the District Court, which held that Appellants were not barred, as the Government argues, by principles of res judicata. The District Court, looking at the matter afresh, held that Appellants were not entitled to disclosure, for the documents requested fell within Exemption 1 of the Act, 5 U.S.C. § 552(b)(1). We affirm on both issues on the basis of the rea-

soning found in the opinion of the District Court. Wolfe v. Froehlke, 358 F. Supp. 1318 (D.D.C. 1973).

We should add that Appellants sought from this court a remand that would require Army personnel to review all the documents in the file to determine whether any of them originated outside AFHQ. Appellants themselves set forth, as a statement of fact about which there is no genuine issue, that "[t]he documents at issue were originated in 1946 and 1947 by an international organization, the Allied Force Headquarters." (A. 33) It is immaterial for, present purposes whether the documents were gathered in the first instance by officers of the United States Army, of the British Army, or, for that matter, by the Yugoslavs. When the Army received the copies of the documents now in its custody,[1] these documents were under the aegis of the AFHQ.

Appellants have also asked this court to defer consideration of this case pending the enactment of proposed amendments to § 552. The proposed amendments[2] would explicitly authorize the courts to inspect documents in camera even where the agency claimed an exemption under § 552(b)(1). Since the basis of the § 552(b)(1) exemption claimed by Appellees is not the nature of the withheld documents, but British failure to reclassify them, in camera review could add nothing relevant to the determination of this case. No purpose would be served by deferring our decision.

Affirmed.

* Sitting by designation pursuant to 28 U.S.C. § 293(a).

1. Indeed, the United States received only microfilm reproductions of the documents.

The originals were given to the British government.

2. S. 2543, 93d Cong., 2d Sess. (1974); H.R. 12471, 93d Cong., 2d Sess. (1974).