**CHURCH OF SCIENTOLOGY OF CALIFORNIA, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

**Civ. A. No. 80–3239.**

United States District Court, District of Columbia.

June 24, 1983.

George T. Volsky, Washington, D.C., for plaintiff.

John J. McCarthy, Edward J. Snyder, Richard L. Switzer, U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendant.

## MEMORANDUM OPINION

NORMA HOLLOWAY JOHNSON, District Judge.

Plaintiff Church of Scientology of California (hereinafter California Church) brings this action under the Freedom of Information Act (FOIA)[1] to compel the In-

---

1. 5 U.S.C. § 552 *et seq.* (1976 & Supp V 1981).

ternal Revenue Service (IRS) to release certain documents claimed by that agency to be exempt from disclosure under FOIA. This matter is now before the Court on defendant's motion for summary judgment.[2] For the reasons set forth herein, the Court finds that no material issues of fact remain in dispute, and that defendant is entitled to summary judgment as a matter of law. Accordingly, defendant's motion for summary judgment will be granted.

## DISCUSSION

### I. Plaintiff's FOIA Request

In its original request under FOIA submitted on May 16, 1980, plaintiff sought the release of virtually *all* materials contained in IRS files nationwide which pertained specifically to the California Church, and to Scientology, in general.[3] Included within the scope of plaintiff's request were documents sought by plaintiff in its First Request of Production of Documents in an ongoing action before the United States Tax Court entitled *Church of Scientology of California v. Commissioner of IRS,* Docket No. 3352–78 (U.S.T.C.) (hereinafter referred to as Tax Court case). Plaintiff's FOIA request thereby included all materials received or generated by IRS in connection with the Tax Court case, as well as materials indexed, but adjudged exempt from disclosure, in a previous FOIA action entitled *Church of Scientology of California v. IRS,* Civil No. CV 74–3465–RJK (C.D.Cal. October 29, 1976), *appeal dismissed,* No. 77–1365 (9th Cir.1978) (hereinafter referred to as a FOIA I).

In its May 16, 1980, request, plaintiff acknowledged that the volumes of materials involved would make it impossible for the IRS to respond within the statutory ten-day period, but asked that the California Church be apprised of an anticipated schedule for response. IRS wrote to plaintiff on July 22, 1980, to ask plaintiff to agree to a voluntary extension of defendant's time for response until August 29, 1980. Plaintiff filed an appeal with IRS on September 17, 1980, after no further response from IRS had been forthcoming. Plaintiff did not await defendant's response to the appeal, but instead commenced the instant action.

Defendant's determination of plaintiff's FOIA appeal was issued on January 14, 1981. The scope of plaintiff's FOIA request was found to be properly limited to materials pertaining to the California Church, and the proper extent of the agency's search was found to be limited to the IRS National office.[4] Further, defendant construed

---

**2.** Arthur L. Lappen, Chief Branch 3 Disclosure Litigation Division, IRS, has been dropped as a named defendant in this action at the plaintiff's request.

**3.** Plaintiff's May 16, 1980, FOIA request sought Copies of all information relating to or containing the names of Scientology, Church of Scientology, any specific Scientology Church or entity identified by containing the words Scientology, Hubbard, and/or Dianetics in their names, L. Ron Hubbard or Mary Sue Hubbard in the form of a written record, correspondence, document, memorandum, form, computer tapes, computer program or microfilm; which is contained in any of the following systems of records, including but not limited to those located at the National office, Regional offices, Service Centers, District offices, or local IRS offices [four page list identifying IRS record systems by appropriate code numbers is omitted].
Plaintiff also sought IRS personnel training materials located in Covington, Kentucky, and requested the release of "copies of file labels or tabs identifying any and all files containing

information requested herein." Letter of Rev. James Morrow to Chief, Disclosure Staff, IRS, dated May 16, 1980.

**4.** Although defendant limited its search to its National office, defendant did search and locate documents lodged in Covington, Kentucky, and in the offices of the District Counsel for Los Angeles. The other sites searched by defendant included the following: Offices of the Commissioner; Deputy Commissioner; Assistant Commissioner (Compliance); Assistant Commissioner (Technical); Assistant Commissioner (Employee Plans/Exempt Organizations); Assistant Commissioner (Inspection); Audit Division; Criminal Investigation Division; Office of International Operations; Covington, Kentucky office; Returns Processing and Accounting Division; Collection Division; Appeals Division; Chief Counsel; Deputy Chief Counsel (Administrative); Deputy Chief Counsel (Technical); Deputy Chief Counsel (Litigation); Administrative Services; Criminal Tax Division; Disclosure Litigation Division; Employee Plans and Exempt Organization Division; General Litiga-

plaintiff's FOIA request as encompassing materials falling into four categories: (1) those documents withheld from disclosure and adjudged exempt in FOIA I; (2) those documents indexed in connection with the Tax Court case and relating to that case; (3) those documents generated subsequent to the Tax Court case; and (4) any documents relating to the California Church which were generated subsequent to the Tax Court case index and are located in the IRS National office. Letter of Gerald G. Portney, Assistant Commissioner (Technical), IRS to Rev. James Morrow, dated January 14, 1981, p. 3. Defendant denied plaintiff's appeal in substantial part after determining that (1) principles of *res judicata* and collateral estoppel barred plaintiff from relitigating its claim to access to FOIA I documents; and (2) the remaining documents at issue were exempt from disclosure under 26 U.S.C. § 6103 *et seq.* (1976 & Supp. V 1981) and 5 U.S.C. § 552(b)(6) (1976 & Supp. V 1981).

On June 18, 1982, the Court denied plaintiff's motion for a detailed justification, itemization and indexing by the defendant of the withheld materials as approved by the Court in *Vaughn v. Rosen,* 484 F.2d 820 (D.C.Cir.1973), *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974), and granted defendant's motion to submit for *in camera* inspection certain documents located at the IRS National office. The Court also ordered, *sua sponte,* that *all* documents responsive to plaintiff's request and related to the Tax Court case be submitted for *in camera* review. Submission of the documents within the scope of the Court's June 18, 1982, Order has been accomplished, and defendant now urges the Court to find that the documents remaining at issue are properly exempt from disclosure.[5]

II. *Defendant's Motion For Summary Judgment*

A. *FOIA I Documents*

In moving for summary judgment, defendant first contends that plaintiff is barred by the operation of the doctrine of *res judicata* from relitigating its claim to access of the documents at issue in FOIA I. In opposition, plaintiff asserts that defendant must demonstrate that the *res judicata* effect of the final judgment in FOIA I has not been suspended by subsequent material changes in law or fact. Plaintiff has, however, cited no authority which supports its contention that the burden falls upon the *defendant* to prove that the absence of any material changes in circumstances leaves undisturbed the bar to relitigation erected by the prior judgment.

■ In *Commissioner of Internal Revenue v. Sunnen,* 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948), the Court considered the applicability of *res judicata* and collateral estoppel doctrines to determinations of income tax liability in different tax years. The Court held that in the interest of justice, the operation of collateral estoppel "must be confined to situations where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and where the controlling facts and applicable legal rules remain unchanged." *Id.,* at 600, 68 S.Ct. at 720 (citations omitted). The instant case presents the very situation defined in *Sunnen* as one in which the operation of collateral estoppel is appropriately confined. There is no question that the documents at issue in both FOIA I and the instant case are identical, as are the parties. Further, defendant does not seek to assert claims of exemption different from those asserted in FOIA I, *see Wolfe v. Froehlke,* 358 F.Supp. 1318, 1319–20 (D.D.C.1973), *affirmed,* 510 F.2d 654 (D.C.Cir.1974) (*res judicata* not a bar to relitigation of plaintiff's claim to access to document under FOIA when agency asserts new basis for exemption from disclosure). Plaintiff in the instant case correctly cites *Sunnen* for the proposition that the binding

---

tion Division; Interpretive Division; Legislation and Regulations Division; and Tax Litigation Division.

5. Plaintiff no longer seeks disclosure of the documents indexed by defendant in the Tax Court case.

effect of a prior final judgment might be altered or even nullified by a "subsequent modification of the significant facts or a change or development in the controlling legal principles . . ." *Id.,* 333 U.S. at 599, 68 S.Ct. at 720. Plaintiff, however, has not even alleged that any such modification in law or fact has occurred with regard to this action. Nothing in the legislative history of FOIA or the language of that Act suggests that a defendant in an action brought under FOIA who alleges *res judicata* as an affirmative defense bears a special burden of proving that documents already adjudged exempt *remain* exempt. *See Church of Scientology of California v. U.S. Dep't of the Army, et al.,* 611 F.2d 738, 750 fn. 7 (D.C.Cir.1979). Where the issues, documents, and plaintiffs are identical in both the prior and present FOIA litigation, "[t]he issue of exemption cannot be relitigated." *Id.* at 751. The Court notes that defendant, in responding to plaintiff's FOIA request in the action *sub judice,* reviewed the 290 documents found to be exempt from disclosure in FOIA I and identified twenty of that total number which had been withheld in full or in part on the basis of 5 U.S.C. § 552(b)(7)(A).[6] Affidavit of Charles W. Rumph, Technical Advisor, Tax Litigation Director, IRS, ¶ 2. These twenty documents were then reviewed, and defendant concluded that Exemption (b)(7)(A) no longer provided a basis for non-disclosure. *Id.,* ¶ 3. All documents previously withheld solely on the basis of Exemption (b)(7)(A) were, therefore, released by the defendant.

*Id.* Plaintiff's contention that defendant's failure to justify anew the bases for non-disclosure of the documents at issue in FOIA I must, therefore, be rejected as without merit, and the Court must find that plaintiff is estopped from relitigating its claim to access to the FOIA I documents.

**B.** *Documents Pertaining to Ongoing Tax Court Litigation*

Although plaintiff has dropped its claim to documents indexed by the defendant in the ongoing litigation in the U.S. Tax Court, a substantial number of documents relating to that action but generated or received by defendant subsequent to its preparation of the index in the Tax Court case remain in dispute. Defendant contends that the documents constitute confidential tax return information within the meaning of 26 U.S.C. § 6103 *et seq.* (1976 & Supp. V 1981) and, as such, are exempt from disclosure.

The first question presented with respect to these "post-index" documents is whether they can, indeed, be properly characterized as confidential tax return information within the definition of 26 U.S.C. § 6103(b)(2)(A).[7] The Court's *in camera* examination of a representative number of the documents in question reveals that the documents each identify a specific taxpayer, and contain "private facts taken directly from tax returns or IRS comment upon the private tax situations of specific taxpayers." *King v. IRS,* 688 F.2d 488, 494 (7th

---

**6.** Exemption (b)(7)(A) exempts from disclosure under FOIA those documents which constitute "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would (A) interfere with enforcement proceedings . . ." 5 U.S.C. § 552(b)(7)(A) (1976 Supp. V 1981).

**7.** "Return information" is defined as encompassing

a taxpayer's identity, the nature, source or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data

received by, recorded by, prepared by, furnished to, or collected by Secretary with respect to a return or with the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense . . .

26 U.S.C. § 6103(b)(2)(A) (1976 & Supp. V 1981). Criminal penalties attach to the unauthorized disclosure of data as set forth in § 6103. 26 U.S.C. § 7213. In addition to the specified instances where disclosure is authorized, disclosure of data under § 6103 may be made "in a form which cannot be associated with, or otherwise identify, directly or indirectly, a particular taxpayer." § 6103(b)(2).

**1170**

Cir.1982). *See also Neufeld v. IRS,* 646 F.2d 661 (D.C.Cir.1981). The Court concludes, therefore, that these "post-index" documents clearly constitute return information within the statutory definition.

Having concluded that the contested materials are return information, it must be determined to what extent, if any, the provisions of section 6103 affect plaintiff's claim to access to those materials under FOIA. Defendant relies on *Zale v. IRS,* 481 F.Supp. 486 (D.D.C.1979) to support its contention that the "particularized disclosure scheme" of section 6103 effectively preempts the more general disclosure criteria of FOIA. *Id.* at 489. Defendant thus contends that in accordance with *Zale,* the Court's review of defendant's decision to withhold the return information sought by plaintiff will not be subject to the *de novo* review available under FOIA, but will properly be limited to the determination of whether "the decision to withhold was . . . an arbitrary or unconscionable abuse of discretion." *Id.* at 490.

█ This Court has had the opportunity to consider the applicability of FOIA to disclosure requests for confidential return information in a prior action entitled *Service Employees International Union v. IRS,* No. 82–1081 (decided January 1, 1981). Consistent with the decision in that action, the Court today again adopts the rationale of *Zale* in holding that section 6103 "must be viewed as the sole standard governing release of tax return information." *Zale v. IRS,* 481 F.Supp. at 490. *Accord King v. IRS,* 688 F.2d 488 (7th Cir.1982); *Anheuser-Busch, Inc. v. IRS,* 493 F.Supp. 549 (D.D.C. 1980); *but see, e.g. Britt v. IRS,* 547 F.Supp. 808 (D.D.C.1982).

█ The Court must, therefore, determine whether defendant's decision to with-

hold the "post-index" documents can be upheld as rational and supported in the record. Section 6103 provides but a few limited exceptions to the general prescription of confidentiality of return information. Disclosure of return information may be made to persons deemed to have a "material interest" in such information as defined under section 6103(e)(1) [8], barring a determination by the IRS that disclosure "would seriously impair Federal tax administration." 26 U.S.C. § 6103(c) and (e)(6) (1976 & Supp. V 1981). In the instant action, defendant concedes that plaintiff has a material interest in the documents in question, but has determined that disclosure would seriously interfere with defendant's duties in connection with the ongoing Tax Court litigation by revealing its litigation strategy and attorney work products. In view of the ongoing nature of the Tax Court litigation, and after *in camera* inspection of a representative number of the relevant documents, the Court finds that those documents do relate to defendant's litigation strategy, and reflect the work product of attorneys employed by the defendant. Since revelation of the documents would thus affect the defendant's ability to defend its position in the Tax Court case, the Court finds that defendant has demonstrated that its withholding of the documents was rational, and not beyond the bounds of its discretionary authority under section 6103.[9]

### C. *Disclosure of Documents From IRS National Office*

Defendant has located and indexed twenty-one documents in its National office which are responsive to plaintiff's FOIA request. These documents were generated or received by defendant subsequent to its preparation of the index submitted in the Tax Court case, but do *not* relate to the

---

**8.** 26 U.S.C. § 6103(e)(1) (1976 & Supp. V 1981). Individual taxpayers are deemed to have a "material interest" in disclosure of their own return information under section 6103(e)(1).

**9.** Even assuming, *arguendo* that section 6103 must be viewed as a qualifying exempting statute under 5 U.S.C. § 552(b)(3), *see e.g. Chamberlain v. Kurtz,* 589 F.2d 827 (5th Cir.1979),

*cert. denied,* 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979), and that judicial review would thus be in accord with the provisions of FOIA, the Court is persuaded after its *in camera* inspection of the pertinent documents that defendant's non-disclosure is not improper under the criteria of either section 6103 *or* FOIA Exemption 3.

ongoing Tax Court litigation. Ten of the twenty-one documents have been released in full; portions of the remaining eleven documents have been withheld by the defendant.

Defendant contends that the deleted portions of eight of the eleven documents at issue are exempt from disclosure under 5 U.S.C. § 552(b)(6) ("Exemption 6"), which exempts from disclosure under FOIA matters that are "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6) (1976 & Supp. V 1981).

■ In determining whether a claim of exemption for a "clearly unwarranted invasion of privacy" under FOIA Exemption 6 may properly be asserted, a court must balance "(1) the plaintiff's interest in disclosure; (2) the public interest in disclosure; (3) the degree of the invasion of personal privacy; and (4) the availability of any alternative means of obtaining the requested information." *Church of Scientology of California v. Dept. of the Army, et al.,* 611 F.2d 738, 746 (9th Cir.1979). *See Department of The Air Force v. Rose,* 425 U.S. 352, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976); *Rural Housing Alliance v. U.S. Dep't of Agriculture,* 498 F.2d 73 (D.C.Cir.1974). The Court has examined *in camera* those portions of each of the eight documents claimed by defendant to be exempt under Exemption 6 and has concluded that the balance of factors clearly weighs in favor of non-disclosure by the defendant.

Document A–1 is comprised of "log cards" maintained by defendant. Document A–6 is a ten-page document dealing largely with a draft legal opinion concerning plaintiff's tax-exempt status. Document A–10 consists primarily of a letter to Senator Inouye from the Acting Director of defendant's Tax Litigation Division. Document A–12 is a two-page memorandum concerning a prior summons enforcement suit against the plaintiff. Documents A–13 and A–15 are "buckslips" concerning litigation

against the plaintiff. Document A–15 is a single-page handwritten memorandum relating to defendant's response to plaintiff's motion for summary judgment. Document A–18 is a transmittal memorandum dealing with the filing of defendant's answer in the Tax Court case.

In each of the documents described above, the excised portions consist of the names of attorneys and other personnel employed by the defendant. The Court agrees with the defendant that the interest of plaintiff and the public in knowing which attorneys and other personnel have been assigned to certain cases is *de minimus* when weighed against the interest of the individuals involved in maintaining anonymity as a means of avoiding potential harassment and find, therefore, that the excised portions are exempt from disclosure under Exemption 6.

Portions of Documents A–9 and A–21 have also been withheld by defendant on the basis that the excised data constitute confidential third-party return information whose release to plaintiff is unauthorized under 26 U.S.C. § 6103(a) (1976 & Supp. V 1981). A single deletion in Document A–6 is also claimed by defendant to be proper on this basis. Document A–20 has also been partially withheld as being outside the scope of plaintiff's request. Defendant's claims of exemption with respect to these four documents thus raise the threshold question of whether defendant has properly construed the scope of plaintiff's FOIA request to exclude all materials not pertaining to the California Church.

■ As discussed, *infra,* the Court finds that defendant's non-disclosure of data constituting return information within the definition of 26 U.S.C. § 6103(b)(2)(A) is subject to judicial review in accordance with the criteria set forth under section 6103. Under section 6103, return information may be disclosed to third-parties at the discretion of the agency *if* such parties can demonstrate that they are acting in the capacity

of designee of the individual taxpayer.[10] It is undisputed that in its May 16, 1980, FOIA request, plaintiff's representative provided defendant with the authorization of only the California Church. Defendant asserts that release to plaintiff of any return information pertaining to the individuals and Scientology entities other than the California Church as listed in plaintiff's request is unauthorized and, therefore, proscribed under section 6103.

An actionable request under FOIA for records in the possession of the IRS is defined under 26 C.F.R. § 601.702(c)(1) (1982) as one "which conforms in every respect with the rules and procedures set forth in this subpart." A FOIA request which includes within its scope materials properly classified as "return information" under section 6103 must "establish the identity and the right of the person making the request to the disclosure of the records..." 26 C.F.R. § 601.702(c)(v) (1982). Plaintiff concedes that in accordance with these pertinent statutory and regulatory requirements, defendant is obligated to protect against the *unauthorized* disclosure of third-party return information, but contends that the California Church is so "clearly related" to the third parties at issue as to make additional authorization superfluous. Plaintiff also asserts that defendant was required by its own regulations to request the additional authorizations from plaintiff *at the time* it first determined such proofs were necessary, and *before* defendant responded to plaintiff's FOIA request.

The regulatory language quoted by the plaintiff in support of this latter contention provides in relevant part:

**10.** Section 6103(c) provides:
The Secretary may, subject to such requirements and conditions as he may prescribe by regulations, disclose the return of any taxpayer, or return information with respect to such taxpayer, to such person or persons as the taxpayer may designate in a written request for or consent to such disclosure, or to any other person at the taxpayer's request to the extent necessary to comply with a request for information or assistance made by the taxpayer to such other person. However,

Additional proof of a person's identity shall be required before the request will be deemed to have met the requirement of paragraph (c)(3)(v) of this section if it is determined that additional proof is necessary to protect against unauthorized disclosure of information in a particular case.

26 C.F.R. § 601.702(c)(4)(ii)(C) (1982). The Court finds that the plain language of the cited regulation is devoid of any requirement that defendant notify a requester such as plaintiff of the need for additional proof *prior* to responding to a FOIA request encompassing third-party data. We conclude, therefore, that defendant properly construed the relevant statutory and regulatory requirements in determining that the scope of plaintiff's FOIA request was limited to data pertaining to the California Church. In view of defendant's conceded obligation to protect against the unauthorized disclosure of third-party return information, the Court finds that the plaintiff's contention that additional proof would be superfluous is without merit.[11] Having determined that the scope of plaintiff's request was properly construed by defendant as limited to documents relating to the California Church, the Court turns to the portions of the four documents withheld from disclosure as outside the proper scope of plaintiff's request. After an *in camera* examination of these four documents in their entirety, it is clear that the excised portions all relate to individuals and entities other than the California Church. The Court thus finds that the excised portions were properly withheld.

The sole remaining question concerning defendant's response to plaintiff's

return information shall not be disclosed to such person or persons if the Secretary determines that such disclosure would seriously impair Federal tax administration.
*See also* 26 U.S.C. § 6103(e)(6) (1976 & Supp. V 1981); 26 C.F.R. § 601.702(c)(4)(ii)(c) (1982).

**11.** That plaintiff's contention is without merit is particularly apparent when the absence of any indication by plaintiff of any legal relationship between plaintiff and the third-parties at issue is considered.

request is whether defendant has demonstrated, as a matter of law, that its search for responsive documents was adequate. Plaintiff contends that the Court cannot find defendant's search to be adequate in view of defendant's arbitrary and capricious refusal to search *all* IRS field offices. It is established in this Circuit that a request for information under FOIA does not impose a burden upon an agency to reorganize its files, "but does [impose] a firm statutory duty to make *reasonable* efforts to satisfy" a FOIA request. *Founding Church of Scientology v. NSA,* 610 F.2d 824, 837 (D.C. Cir.1979). (Emphasis added). The Court must, therefore, test the adequacy of defendant's search in the instant case against a standard of reasonableness. *See McGehee v. CIA,* 697 F.2d 1095 (D.C.Cir.1983). It is undisputed that plaintiff directed its May 16, 1980, FOIA request to defendant's National office. In its FOIA request, plaintiff stated that "this request is being directed to the National office so proper coordination and handling can occur." Letter of Rev. Morrow to Chief, Disclosure Staff, IRS, p. 7. No similar request was made by plaintiff to each IRS field office, as required under 26 C.F.R. § 601.702(c)(iii) (1982).

From the variety of offices searched by the defendant, it is evident that there is no *single* office or recordkeeping system which is the repository of *all* data relating to the California Church.[12] Defendant has produced for *in camera* inspection a voluminous amount of materials responsive to plaintiff's request. The record in this action reflects that these documents were located through a search of *all* the offices specifically identified by plaintiff in its request, including the Covington, Kentucky, office where IRS personnel have received instruction in audit procedures affecting plaintiff. In addition, defendant searched the District Counsel offices in Los Angeles, the IRS district in which plaintiff is located. Plaintiff's assertions that the extent of defendant's search was inadequate would thus appear to bear only upon

its claims, rejected today, for materials relating to individuals and entities other than the California Church. In view of all of the foregoing considerations, the Court finds that plaintiff has failed to raise a genuine dispute on the issue of the adequacy of defendant's search. The Court concludes, therefore, that defendant's efforts to locate materials responsive to plaintiff's request were reasonable and, therefore, adequate as a matter of law.

The final issue before the Court is plaintiff's claim for the award of attorney fees. It is well-established that, at a minimum, an award of reasonable attorney fees to a plaintiff in a FOIA action must be based upon the finding that such plaintiff has "substantially prevailed." *See, e.g., Chamberlain v. Kurtz,* 589 F.2d 827 (5th Cir.1979), *cert. denied* 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979). It is clear that since plaintiff in this action cannot be found to have met this threshold requirement, plaintiff is not entitled the award of attorney fees.

An Order consistent with this Memorandum Opinion will be entered on this date.

### ORDER

Upon consideration of the motion by defendant for summary judgment, plaintiff's opposition thereto, supporting and opposing memoranda of law and affidavits, the *in camera* inspection of documents at issue in the above-entitled action, and the entire record herein, it is this 24th day of June, 1983,

ORDERED that defendant's motion for summary judgment be, and hereby is, granted; and it is further

ORDERED that this action be, and hereby is, dismissed with prejudice.

---

**12.** The Court also notes that the documents sought by the plaintiff are not summaries or

other compilations effected by defendant which might conceivably be lodged at a central site.