**4**

Robert FRANK, Plaintiff,

v.

**U.S. DEPARTMENT OF JUSTICE,
et al., Defendants.**

Civil Action No. 95–1993 (JR).

United States District Court,
District of Columbia.

July 19, 1996.

Robert Frank, Leavenworth, KS, pro se.

Darya Geetter, Assistant U.S. Attorney, Washington, DC, for Defendants.

### *MEMORANDUM*

ROBERTSON, District Judge.

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, asserting that he had "begun a study of the Justice Department and its practice of loaning federal jurisdiction and forums to state prosecutors for 'the second bite at the apple' for convictions of prior state defendants," filed a targeted FOIA request to the Department of Justice asking for "the number of Special Assistant United States Attorneys that were state and local prosecutors during the first three months of 1988," for the same information as of January 28, 1988, and for the same information as to active participants in trials in the U.S. District Court within the Eighth Circuit during that time period. He was not satisfied with the answers he received, and he filed suit in this Court under the Freedom of Information Act for an injunction requiring defendants "to permit access to the requested documents and/or information. . . ."

The government moves to dismiss or for summary judgment on the basis of affidavits asserting that the Executive Office of the United States Attorneys conducted reasonable searches and turned over everything (which was very little) responsive to plaintiff's request. The argument is that "because plaintiff was provided with the only information located responsive to his FOIA request in its entirety," this case is moot. Plaintiff, attaching a portion of the transcript of his trial in which the prosecutor asserted in open court that he had made a telephone check with the Justice Department (this was on January 28, 1988) and that there were 241 Special Assistant United States Attorneys as of that date, responded that the government's motion was a "dog that won't hunt"

and asserted either that the prosecutor had completely fabricated the information he provided to the trial court or that defendants had not made a real effort to find responsive records.

■ Plaintiff misunderstands the uses and limits of the Freedom of Information Act, and the government's motion obscures its own best argument, which is that FOIA provides access to existing records but does not establish a research service. FOIA entitles citizens to the disclosure of documents, but it does not oblige the government to answer their questions. *Cf. Church of Scientology v. IRS,* 792 F.2d 146, 150–51 (D.C.Cir.1987).

■ The Justice Department's response to plaintiff's requests would have been more understandable had it simply read, "We have not compiled information in the way you want it compiled. The documents we do have are not responsive to your question." The fact that one Assistant United States Attorney was able, in January 1988, to reach someone on the telephone in the Justice Department who was able on that day to count up the number of Special Assistant United States Attorneys who were then serving does not mean that the information available on that day to that prosecutor was ever in documentary form disclosable under FOIA, or that such a document, if it ever existed, still exists today. The Justice Department is not required, by FOIA or by any other statute, to dig out all the information that might exist, in whatever form or place it might be found, and to *create* a document that answers plaintiff's question.

The record discloses no genuine issue of material fact as to the adequacy of defendant's search. All documents found responsive to the request having been released to the requestor, the action is moot. *Tijerina v. Walters,* 821 F.2d 789, 799 (D.C.Cir.1987).