**Mahmoud Cherif BASSIOUNI, Plaintiff,**

v.

**CENTRAL INTELLIGENCE AGENCY, Defendant.**

**No. 02 C 4049.**

United States District Court, N.D. Illinois, Eastern Division.

March 6, 2003.

Steven W. Becker, Chicago, IL, for plaintiff.

Gillian Flory, U.S. Dept. of Justice, Washington, DC, for defendant.

## ORDER

NORGLE, District Judge.

Before the court is Plaintiff's Motion to Compel Production of *Vaughn* Index [8–1]. For the following reasons, the motion is denied.

## I. BACKGROUND

Plaintiff, Mahmoud Cherif Bassiouni ("Bassiouni"), seeks documents that may be in the possession of the Central Intelligence Agency ("CIA"). The court takes judicial notice that Bassiouni is employed as a professor at the DePaul University College of Law, where he is held out by that institution as an expert in human rights, terrorism, international law and Middle East issues. *See* DePaul University website *available at* http://www.depaul.edu. Bassiouni's biography, as indicated by DePaul University, indicates that "[h]e is one of the world's leading authorities on terrorism and international human rights law and the author of two books on terrorism. Bassiouni was also involved with the first U.S. terrorism study in 1978, and he currently serves as a consultant on terrorism for the U.S. Department of State." DePaul University Experts Guide, *available at* http://sherman.depaul.edu/media/webapp/mrFindIndex2.html.

On November 22, 1999, Bassiouni sent a letter to the CIA requesting that the agency provide him with records pertaining to himself, pursuant to the Freedom of Information Act ("FOIA") and the Privacy Act,

5 U.S.C. § 552a. (*See* Pl.'s Compl., ¶ 6). In response, on June 7, 2000, the CIA denied Bassiouni's request, invoking FOIA exemptions 5 U.S.C. § 552(b)(1) and (b)(3) and Privacy Act exemptions 5 U.S.C. § 552a (j)(1) and (k)(1). (*See id.* at ¶ 7 and Ex. A). On July 19, 2000, Bassiouni sent an appeal letter to the CIA and requested a reconsideration of the initial denial. (*See id.* at ¶ 8 and Ex. B). On November 17, 2000, the CIA responded to Bassiouni's requested reconsideration and again denied the request, based on the same rationale as indicated in the initial response. (*See id.* at ¶ 9 and Ex. C).

On June 6, 2002, Bassiouni filed the present suit, seeking declaratory and injunctive relief, pursuant to FOIA and the Privacy Act. (*See* Pl.'s Compl. [1–1] ). On July 12, 2002, the CIA answered Bassiouni's complaint. (*See* Def.'s Answer [7–1] ). Shortly thereafter, on August 5, 2002, Bassiouni filed a motion to compel production of a *Vaughn* index (*see* Pl.'s Mot. [8–1] ), which is fully briefed.

Bassiouni argues that it is well-established that a plaintiff in a FIOA case is entitled to a *Vaughn* index. The CIA argues that a *Vaughn* index is not necessary in every FOIA case, may not be required in the present case, and if required, need not be produced until it files dispositive motions.

## II. DISCUSSION

In general, the FOIA envisions a policy favoring disclosure of federal agency records. *See NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 242, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978). However, the FOIA also envisions that certain federal agency records should not be subject to public disclosure, and provided nine exemptions. *See* 5 U.S.C. § 552(b). In the present case, what have been termed Exemptions 1 and 3 are at issue. Exemption 1 provides that the FOIA does not apply to matters that are "(A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order." 5 U.S.C. § 552(b)(1). Exemption 3 provides that the FOIA does not apply to matters that are

specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.

5 U.S.C. § 552(b)(3).

At the present stage of this litigation, it is inappropriate to compel the CIA to produce a *Vaughn* index. "[C]ourts have not universally required agencies to produce detailed *Vaughn* indexes in response to every FOIA request." *Wright v. OSHA,* 822 F.2d 642, 645–46 (7th Cir.1987); *see also Minier v. CIA,* 88 F.3d 796, 804 (9th Cir.1996). "'When … a claimed FOIA exemption consists of a generic exclusion, dependent upon the category of records rather than the subject matter which each individual record contains, resort to a *Vaughn* index is futile.'" *Solar Sources, Inc. v. United States,* 142 F.3d 1033, 1039 (7th Cir.1998) (citing *Church of Scientology v. IRS,* 792 F.2d 146, 152 (D.C.Cir. 1986)). Furthermore, the CIA need not produce a *Vaughn* index if sufficiently detailed affidavits or declarations will achieve the same purpose. *See Snyder v. CIA,* 230 F.Supp.2d 17, 21–22 (D.D.C.2002); *see also* 50 U.S.C. § 432(f) (2002) (indicating limitations upon judicial review of a claim that the CIA has improperly withheld records). This may certainly be the case; however, neither parties' briefs addressed the specific issues that pertain when the CIA is a defendant in a FOIA case. *See e.g.,* Cen-

tral Intelligence Agency Information Act of 1984, 50 U.S.C. § 431–32 (2002); *see also Sullivan v. CIA,* 992 F.2d 1249, 1251 (1st Cir.1993) (indicating that Congress passed the Central Intelligence Agency Information Act "[t]o curb the inefficiencies inherent in applying standard FOIA requirements to the arcane realm of the CIA").

Additionally, the court is mindful of the United States Supreme Court's admonition in *CIA v. Sims,* 471 U.S. 159, 169–70, 105 S.Ct. 1881, 85 L.Ed.2d 173 (1985), where, in the course of discussing Exemption 3 of the FOIA, the Court indicated:

> Congress vested in the Director of Central Intelligence very broad authority to protect all sources of intelligence information from disclosure. [N]arrowing of this authority not only contravenes the express intention of Congress, but also overlooks the practical necessities of modern intelligence gathering—the very reason Congress entrusted this Agency with sweeping power to protect its 'intelligence sources and methods.'

Therefore, given that the present case is only in the initial stages of litigation and the attendant legal issues that pertain when the CIA is a defendant in a FOIA case, and the parties' dearth of development of this point, the court concludes that it is inappropriate to compel the CIA to produce a *Vaughn* index at this time.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion is denied.

IT IS SO ORDERED.