# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued April 10, 2017          Decided May 30, 2017

No. 16-5109

ENVIRONMENTAL INTEGRITY PROJECT, ET AL.,
APPELLANTS

v.

ENVIRONMENTAL PROTECTION AGENCY,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:14-cv-01282)

*Thomas Cmar* argued the cause and filed the briefs for appellants.

*Marina Utgoff Braswell*, Assistant United States Attorney, argued the cause for appellee. With her on the brief was *R. Craig Lawrence*, Assistant United States Attorney.

Before: KAVANAUGH, *Circuit Judge*, and GINSBURG and RANDOLPH, *Senior Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*: This case concerns the relationship between two statutory provisions: Exemption 4 of the Freedom of Information Act and Section 308 of the Clean Water Act.

Exemption 4 of FOIA authorizes agencies to withhold "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4). Section 308 of the Clean Water Act authorizes EPA to obtain records from power plants and states that those records "shall be available to the public" unless EPA determines that the records "would divulge methods or processes entitled to protection as trade secrets." 33 U.S.C. §§ 1318(a), (b).

The problem is that Exemption 4 and Section 308 appear to conflict in certain circumstances. Exemption 4 exempts from disclosure *both* trade secrets and certain commercial and financial information. Section 308 exempts from disclosure *only* trade secrets, but it seemingly requires disclosure of commercial and financial information.

In this case, several environmental groups – Environmental Integrity Project, Sierra Club, and Earthjustice – requested records from EPA that the agency had previously obtained from power plants under Section 308. All parties agree that the records requested by the environmental groups do not qualify as trade secrets (which are exempt under both Section 308 and Exemption 4) but do qualify as "commercial or financial information" under Exemption 4 of FOIA. 5 U.S.C. § 552(b)(4). As a result, the records requested by the environmental groups are exempt from disclosure under Exemption 4 of FOIA but seemingly must be disclosed under Section 308 of the Clean Water Act.

Which statute prevails in that circumstance? The Administrative Procedure Act directly answers that question. Section 559 of Title 5 provides that FOIA exemptions apply unless a later statute expressly supersedes or modifies those exemptions. The statute states: "Subsequent statute may not be held to supersede or modify" the APA, of which FOIA is a part, "except to the extent that it does so *expressly*." *Id.* § 559 (emphasis added).

Section 308 is the later statute here: Exemption 4 of FOIA was enacted in 1967, while Section 308 was enacted in 1972. Section 308 does not expressly supersede Exemption 4. Therefore, EPA permissibly invoked Exemption 4 to deny the environmental groups' FOIA request.[1]

If Congress had wanted Section 308 to supersede Exemption 4, Congress could have drafted express language to that effect, as it has in other statutes. For example, when a FOIA request is submitted to EPA for certain records obtained by the agency under the Toxic Substances Control Act, "the Administrator may not deny the request on the basis of section 552(b)(4)" – that is, Exemption 4. Frank R. Lautenberg Chemical Safety for the 21st Century Act, Pub. L. No. 114-182, § 11, 130 Stat. 448, 483 (2016) (to be codified at 15 U.S.C. § 2613(b)(5)). Similarly, the Secretary of Transportation and the EPA Administrator "may withhold information under section 552(b)(4)" – Exemption 4 – "only if the Secretary or Administrator decides that disclosure of the information would

---

[1] The environmental groups also argue based on EPA's regulations that the records are not in fact "confidential" under Exemption 4 because Section 308 "requires disclosure of the information." 40 C.F.R. § 2.208(d). That argument merely disguises the environmental groups' assertion that Section 308 supersedes FOIA. That argument in effect would require the Court to read Section 308 as prevailing over the FOIA exemptions.

cause significant competitive damage." 49 U.S.C. § 32910(c). By contrast, when enacting Section 308, Congress did not use language expressly superseding Exemption 4.[2]

The environmental groups retort that the phrase "shall be available to the public" in Section 308 would be meaningless if Section 308 did not require disclosure in these circumstances. But the suggestion that Section 308 would be meaningless under our interpretation is not correct, at least in historical context. Under FOIA, federal courts may order agencies to disclose only "agency records." 5 U.S.C. § 552(a)(4)(B). As of 1972 when Section 308 was enacted, it was not entirely clear that records obtained by EPA from power plants would qualify as "agency records" subject to disclosure. *Cf. Forsham v. Harris*, 445 U.S. 169, 182-84 (1980). Absent Section 308, therefore, it would not have been clear whether records obtained from power plants were subject to disclosure under FOIA. Section 308 clarified that records obtained by EPA from power plants under Section 308 are subject to FOIA. So Section 308 was not meaningless at the time that it was enacted.

In sum, Section 308 of the Clean Water Act does not expressly supersede Exemption 4 of FOIA. Therefore, EPA permissibly invoked Exemption 4 to withhold the records at issue in this case. We affirm the judgment of the District Court.

*So ordered.*

---

[2] This Court has previously suggested that a later-enacted statute may also supersede FOIA if the statute establishes "some rules and procedures – duplicating those of FOIA – for individual members of the public to obtain access" to agency records. *Church of Scientology of California v. IRS*, 792 F.2d 146, 149 (D.C. Cir. 1986). That principle is not applicable here: Section 308 does not establish rules or procedures for obtaining records from EPA.